In the Matter of JAMES FRANCIS VAN NORMAN, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner.

Second Department, July 21, 1975

*Albert J. Fiorella* for petitioner.

*James Francis Van Norman,* respondent *pro se.*

*Per Curiam.* In this disciplinary proceeding the petitioner moves to confirm the report of Mr. Justice BERMAN to whom the proceeding had been referred for hearing and report. The respondent cross-moves to disaffirm the report and for a new hearing on the ground of newly discovered evidence.

The respondent was admitted to the Bar by this court on December 19, 1962.

In this proceeding the respondent was charged with 29 specifications of professional misconduct, all involving the same client. The charges sustained by Mr. Justice BERMAN are as follows: (a) In a real estate transaction, the respondent failed to account to his client or furnish his client with a closing statement; failed to deposit moneys in an escrow account and converted those moneys to his own use; refused to pay those moneys over to his client for at least four months after the closing, and then paid his client an equivalent amount out of his personal account. (b) The respondent obtained $7,500 from his client under false pretenses in that the respondent represented to him that the money would be invested on behalf of the client at 10% per annum, when, in fact, the respondent had no such plan to invest said moneys; the respondent failed to advise his client as to the nature of the investment and commingled the funds with his personal funds, thereby converting those funds to his own use; and failed to either repay his client or to account for the $7,500 for several years, until the client retained another attorney to collect them. (c) The respondent, while representing the client in a purchase of real property, commingled $8,000 of his client's money intended to be used as a down payment; he converted $4,000 of these moneys to his own use, and failed to return these funds until his client retained another attorney

to collect them for him; he refused to account for these funds or to pay them over to the sellers, and thereby placed his client in default and caused him to lose the $4,000 paid over to the sellers and lose the prospective purchase; he failed for several months to advise his client of the true status of the transaction, failed to respond to numerous inquiries by his client, signed, without authorization, his client's signature to the proposed agreement and then signed the document as a witness to the false signature of his client; and he failed to repay to his client $4,000, the loss of which was due to his neglect. (d) The respondent ignored numerous communications from the petitioner's Grievance Committee; failed to submit an answer to his client's complaint; and failed to attend the several hearings scheduled by the said Grievance Committee, although he was duly notified to attend.

Several other charges were either withdrawn or found not to have been sustained by the evidence. We agree with the reporting Justice. In our opinion the afore-mentioned charges are fully sustained by the proofs. Consequently, the motion to confirm the report is granted. The cross motion to disaffirm the report and for a new hearing is denied and the report is confirmed.

Under the circumstances, we conclude that the respondent should be and he is hereby disbarred from further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

GULOTTA, P. J., RABIN, HOPKINS, MARTUSCELLO and LATHAM, JJ., concur.