In the Matter of FRANK L. MILLER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 17, 1977

*Ronald Eisenman* of counsel *(Morris Gutt* with him on the brief), for petitioner.

*Sidney A. Fine (David J. Rosen* with him on the brief), attorney for respondent.

*Per Curiam.* Respondent, now 72 years of age, was admitted to practice in the Second Judicial Department on December 29, 1927.

He is charged in a single specification with professional misconduct under section 90 of the Judiciary Law.

Petitioner alleged the following particulars:

On or about December 26, 1969, the Nyack School for Boys,

whom respondent represented as attorney, gave respondent a check in the sum of $31,200 payable to Delee Construction Company. Respondent was to hold the check in escrow until February, 1970 when he was to turn it over to Delee on account of the school's mortgage indebtedness to Delee. In January, 1970, respondent, upon a false representation that the president of the school had given authorization, caused one of the school's subordinate officers to add respondent's name as attorney as an alternate payee on the check. Thereafter, on or about January 14, 1970, respondent deposited the check in his regular bank account and subsequently, without the school's authority, used the money derived from the check for his own personal purposes. Although requested by the school to return the money, respondent did not do so until lawsuit and judgment against him.

Respondent, in his answer, denied he was to hold the check in escrow; denied he asked to have his name added on the check; asserted that his name was added by permission of the president of the school and that respondent had permission to use the proceeds of the check; and asserted that when he was sued for the return of the funds, he consented to judgment and continued to act as attorney for the school even after such lawsuit and judgment.

After a hearing before a Referee, at which various witnesses and respondent testified, the Referee filed her report in which she stated: "The charge that respondent was given a check for $31,200 in December 1969 to be used in the following February towards paying a mortgage obligation of his client, had his name as attorney added to the check, endorsed it and deposited it to his personal account, spent it and did not make good until after he was sued and a consent judgment entered is sustained."

Respondent, although not opposing confirmation of the Referee's report, contends that the acts found by the Referee while constituting professional impropriety, do not constitute professional misconduct.

While the Referee failed to make a factual finding concerning the allegations that respondent did not have authorization to have his name added to the check as payee and that he made a false representation to effectuate such result, it is clear from the evidence that the check (and necessarily the proceeds thereof) was to be held in escrow by respondent, to be used only to pay the school's mortgage indebtedness to

Delee in February, 1970. The very appearance on the check of the words "as attorney" after respondent's name circumscribed respondent's possession of the check and use of its funds. By depositing the check in his regular account and using the proceeds of the check for personal purposes, respondent violated his trust and misappropriated the funds.

Respondent's conduct constitutes professional misconduct (*Matter of Raymond,* 50 AD2d 400; *Matter of Van Norman,* 48 AD2d 508; *Matter of Tashker,* 45 AD2d 573; *Matter of Marks,* 44 AD2d 290; *Matter of Buttles,* 44 AD2d 238). Accordingly, the Referee's report is confirmed and respondent is found guilty of professional misconduct.

In view of respondent's age and the fact that he repaid the converted money in full, a punishment of suspension for a period of six months is imposed.

BIRNS, J. P., SILVERMAN, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effective March 17, 1977.